UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CRAIG ARNOLD THOMAS,

        Plaintiff,

     v.

JEFFREY MACOMBER, et al.,

        Defendants.

No.  1:26-cv-01554-SAB (PC)

ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION

FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM

(ECF No. 1)

Plaintiff is proceeding pro se and in forma pauperis in this action filed pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed February 24, 2026. (ECF No. 1.)

**I.**

**SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that

1

"seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## SUMMARY OF ALLEGATIONS

The Court accepts Plaintiff's allegations in his complaint as true *only* for the purpose of the screening requirement under 28 U.S.C. § 1915.

Plaintiff names Director Jeffrey Macomber, Acting Warden Edward J. Silva, Commissioner Neil Schneider, and Commissioner Michael Ruff, as Defendants.

Plaintiff is being unlawfully detained at Corcoran State Prison based on an abstract of judgment proven to be fraudulent, yet prison officials claim they have no jurisdiction.

On June 20, 2023, Commissioners Sullivan and Schneider conducted a fraudulent en banc hearing to vacate the April 13, 2023, decision to grant Plaintiff parole suitability absent the full

board panel mandated to rescind a decision granting parole. Commissioner Ruff falsely testified on record that the Department of Corrections rescinded the April 13, 2023, parole grant.

To order food and hygiene products Plaintiff is being forced to sign an invoice and fingerprint it when it is a prepaid (debited) account. Funds are already deposited in Plaintiff's trust account, and Defendants are creating secret/hidden obligations on canteen orders by recording receipts as a sales invoice on prepaid accounts. Defendants created private account in Plaintiff's prison account under "unclaimed trust funds" to embezzle money via fraudulent sales invoices by placing secret obligations on the account.

## III.

## DISCUSSION

### A.      Unlawful Detention/False Abstract of Judgment

Plaintiff contends that he is being unlawfully detained and falsely imprisoned based on a false abstract of judgment. More specifically, Plaintiff claims that the abstract of judgment is not properly certified and cannot be used to detain him.

California Penal Code section 1207 provides: "When judgment upon a conviction is rendered, the clerk must enter the judgment in the minutes, stating briefly the offense for which the conviction was had, and the fact of a prior conviction, if any. A copy of the judgment shall be filed with the papers in the case." Section 1213 states, in pertinent part:

> (a) When a … judgment, other than of death, has been pronounced, …, or a copy of the entry of the judgment, or, if the judgment is for imprisonment in the state prison or imprisonment pursuant to subdivision (h) of Section 1170, either a copy of the minute order or an abstract of the judgment as provided in Section 1213.5, certified by the clerk of the court, and a Criminal Investigation and Identification (CII) number shall be forthwith furnished to the officer whose duty it is to execute the … judgment, and no other warrant or authority is necessary to justify or require its execution.
> (b) If a copy of the minute order is used as the commitment document, the first page or pages shall be identical in form and content to that prescribed by the Judicial Council for an abstract of judgment, and other matters as appropriate may be added thereafter.

(Cal. Pen. Code, § 1213.)

In California criminal cases, judgment is rendered when the trial court orally pronounces sentence. People v. Scott, 203 Cal. App. 4th 1303, 1324 (2012) (citing People v. Mesa, 14 Cal.3d

466, 471-72 (1975)).  The court clerk must then enter the judgment in the minutes and prepare an abstract of judgment to give to the officer who is to execute the judgment. Cal. Penal Code §§ 1207, 1213, 1213.5. "[The abstract of judgment] may serve as the order committing defendant to prison, and is 'the process and authority for carrying the judgment and sentence into effect.' [citations.]" People v. Delgado, 43 Cal.4th 1059, 1070 (2008). "[It] is a contemporaneous, statutorily sanctioned, officially prepared clerical record of the conviction and sentence." Id. (emphasis in original). "When prepared by the court clerk, at or near the time of judgment, as part of his or her official duty, the abstract of judgment is cloaked with a presumption of regularity and reliability." Id.  But, the abstract of judgment "is not itself the judgment of conviction, and cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict." Id.

Neither section 1207, nor section 1213 of the California Penal Code, require Defendants to furnish Plaintiff with a copy of the judgment of conviction. Those statutes require the clerk of the trial court where the conviction occurred to provide documentation regarding the judgment to the officer whose duty it is to execute the judgment. Simply put, the clerk of the trial court is required to provide a warden with a copy of the judgment.

Plaintiff cannot attempt to cast a challenge to his judgment of conviction and sentence as a due process violation.  Assertions of unlawful restraint and a violation of due process challenge "the validity of his conviction or sentence" and thus "such a challenge is barred." Preiser v. Rodriguez, 411 U.S. 475, 489-90 (1973); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). By asserting that he is being unlawfully restrained or imprisoned, Plaintiff is necessarily challenging the validity of his conviction; thus, a section 1983 action is barred unless Plaintiff alleges his conviction and sentence has been reversed, expunged, invalidated, or a writ of habeas corpus has issued. Plaintiff's complaint makes no such assertion.   Even if Plaintiff's complaint is liberally construed as a challenge to the procedure, rather than the result, of the state court proceedings because a judgment in favor of Plaintiff on such a claim would also imply the invalidity of his sentence.  Indeed, in denying Plaintiff's inmate grievance challenging the abstract of judgment, it was specifically stated:

4

> Review of your Electronic Records Management System file revealed that your Abstract of Judgment and Minute Order are properly uploaded and stored in your Central File. As described within Penal Code, sections 1213 and 1213.5, an abstract of judgment certified by the clerk of the court is provided to the officer whose duty is to execute the judgment. Specifically, Penal Code, section 1215.3 states that the abstract of judgment shall be prescribed by the Judicial Council. Your Abstract of Judgment dated 08.25.2005, is prescribed by the Judicial Council and is a certified copy of the judgment against you. As you have an abstract of judgment, you are appropriately incarcerated.

(ECF No. 1 at 7.) Accordingly, Plaintiff fails to state a cognizable claim for relief.

**B. Parole Decision**

As a threshold matter, the Board of Parole Hearings (BPH) is a state agency immune from damages suits under the Eleventh Amendment. See Atascadero State Hospital v. Scanlon, 473 U.S. 234, 237-38 (1985) (Eleventh Amendment bars suits against states in federal court); Wolfe v. Strankman, 392 F.3d 358, 364 (9th Cir. 2004) (as applied to state agencies). Thus, BPH commissioners are state officers entitled to Eleventh Amendment immunity when acting in their official capacities. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."). BPH commissioners, who exercise quasi-judicial responsibilities in rendering parole decisions, are absolutely immune from damages liability in their official capacities. See Sellars v. Procunier, 641 F.2d 1295, 1302-03 (9th Cir. 1981); cf. Swift v. California, 384 F.3d 1184, 1186, 1191 (9th Cir. 2004) (parole officers not entitled to absolute immunity for conduct independent of Boards decision-making authority, e.g., performing investigatory or law enforcement functions). Because parole board officials are entitled to absolute immunity when rendering a parole decision, Sellars, 641 F.2d at 1302, and the challenged conduct of Defendant BPH officials herein is limited to their decisions impacting Plaintiff's parole, Plaintiff fails to state a cognizable claim for damages relief against any of the named Defendants.

Further, prisoners do not have a right under the U.S. Constitution right to be conditionally released before the expiration of a valid sentence. Swarthout v. Cooke, 562 U.S. 216, 220 (2011). California, however, has statutorily created a liberty interest in parole which is subject to due

process protections. Id. "In the context of parole, we have held that the procedures required are minimal … [and require only] an opportunity to be heard and … a statement of the reasons why parole was denied." Id.  In Swarthout, the Supreme Court put an end to federal habeas review of individual California parole denials for insufficiency of the evidence. Id. at 862-63.

Even though plaintiff was denied parole, there is no violation of due process as long as plaintiff was allowed an opportunity to be heard and provided a statement of the reasons why parole was denied. Swarthout, 562 U.S. at 222.  Plaintiff does not claim he was deprived of either.

**C.      Trust Account Withdrawals**

Plaintiff contends that prison officials are embezzling funds by requiring him to sign and fingerprint a sales invoice on his prepaid trust account to order commissary items.

A prisoner's interest in the funds in his prison trust account is a protected property interest. Shinault v. Hawks, 782 F.3d 1053, 1057 (9th Cir. 2015) (as amended); Quick v. Jones, 754 F.2d 1521, 1523 (9th Cir. 1985). As a result, a state prisoner may not be deprived of funds in his trust account without adequate due process. See Quick, 754 F.2d at 1523. However, the negligent or intentional but unauthorized deprivation of property by a person acting under color of state law does not constitute a violation of the procedural requirements of the Due Process Clause if a meaningful state post-deprivation remedy is available. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Zinermon v. Burch, 494 U.S. 113, 129-32 (1990). Thus, where a state provides adequate post-deprivation remedies for random, unauthorized deprivations of liberty or property, a Section 1983 cause of action will not exist. See King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986); see also Willoughby v. Luster, 717 F. Supp. 1439, 1443 (D. Nev. 1989) ("[W]here a state provides adequate post-deprivation remedies for the intentional or negligent deprivation of property, a § 1983 claim alleging a violation of due process of law will not lie."). "[B]y providing the plaintiff with adequate means for seeking redress of his loss, the state has provided 'due process of law.' " Willoughby, 717 F. Supp. At 1443 (citations omitted). The Ninth Circuit has expressly held that California provides an adequate post-deprivation state remedy for the unauthorized taking of property through the California Government Claims Act, thus barring a Section 1983 due process challenge. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per

curiam) (citing Cal. Gov't Code §§ 810-895); see also Stribling v. Wilson, 770 F. App'x 829, 830 (9th Cir. 2019).[1]

As adequate state law procedures existed to address the alleged loss, Plaintiff cannot state a due process claim against Defendants. See Roberts v. Lynch, No. 2:20-cv-01349 WBS DB P, 2022 WL 196531, at *4 (E.D. Cal. Jan. 21, 2022) (plaintiff failed to state a due process claim based on the allegation that funds were taken from his prison trust account); Jordan v. Diaz, No. No. 5:20-cv-00574-MWF-JC, 2020 WL 5167738, at *9 (C.D. Cal. Apr. 25, 2020) (finding plaintiff failed to state a viable due process claim based on the deduction of a fee from his prison trust account because plaintiff had adequate post-deprivation remedy under California law).

### D.    Further Leave to Amend

As explained above, the Court finds that the complaint fails to state a cognizable civil rights claim under 42 U.S.C. § 1983 and that any amendment of the complaint would be futile. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013); accord Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) ("Courts are not required to grant leave to amend if a complaint lacks merit entirely."). Because Plaintiff cannot state a claim as a matter of law, it is recommended that this action be dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b)(1).

**IV.**

**ORDER AND RECOMMENDATION**

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the action be dismissed, without leave to amend, for failure to state a cognizable claim for relief.

---

[1] Further, whether Plaintiff succeeded in redressing his alleged loss through the available state remedies is immaterial. Hupp v. Cty. of San Diego, ED CV 14-576-VAP (SP), 2016 WL 11758807, at *8 (C.D. Cal. Sept. 27, 2016), accepted by 2016 WL 11759108 (C.D. Cal. Nov. 9, 2016). "[I]t is the existence of these alternate remedies that bars him from pursuing a § 1983 procedural due process claim.' " Id. (citation omitted); see also Dennison v. Ryan, 522 F. App'x 414, 417-18 (9th Cir. 2013) (inmate's alleged inability to access grievance procedure regarding property loss did not render post-deprivation remedy inadequate under Hudson); Willoughby, 717 F. Supp. at 1443 ("simply the existence of these alternate remedies forecloses the availability of a § 1983 procedural due process claim").

7

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court, limited to 15 pages in length, including exhibits.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __June 5, 2026__

STANLEY A. BOONE
United States Magistrate Judge

8